# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KAYSEE NITTA,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 2:17-cv-01137-GMN-CWH<br><br>**ORDER** |

Presently before the court is defendant United States of America's motion to strike (ECF No. 21), filed on September 6, 2018. Plaintiff filed a response (ECF No. 24) on September 20, 2018. Defendant filed a reply (ECF No. 26) on September 27, 2018.

Also before the court is defendant's motion to stay defendant's disclosure of damage experts (ECF No. 22), filed on September 14, 2018. Plaintiff Kaysee Nitta filed a response (ECF No. 27) on September 28, 2018. Defendant filed a reply (ECF No. 28) on October 5, 2018.

On June 18, 2019, the court held a hearing on defendant's motions and took the matters under advisement. (Mins. of Proceedings (ECF No. 48).) The court now resolves the motions accordingly.

**I.    BACKGROUND**

This is a personal injury action stemming from an explosion that occurred on property allegedly owned and maintained by the United States Department of the Interior, Bureau of Land Management. (Compl. (ECF No. 1).) The explosion occurred on June 9, 2014, after one of the attendees threw a barrel drum containing a flammable liquid into a bonfire. (*Id.*) Plaintiff Kaysee Nitta was one of the teenagers in attendance, and she suffered burns from the explosion. (*Id.*) Nitta alleges that the United States failed in its duty to ensure that the premises were free from any hazardous conditions. (*Id.*)

1    Plaintiff served defendant with her initial disclosure, dated September 21, 2017,
2 containing a computation of her damages. (Pl.'s Initial Disclosures (ECF No. 21-2) at 12.) The
3 disclosure provided $524,208.54 for past medical expenses. (*Id.*) The future damages category
4 provided listed future medical damages and pain and suffering but stated only "to be determined"
5 in lieu of an amount. (*Id.*) Plaintiff then supplemented her disclosure on February 14, 2018,
6 March 6, 2018, March 9, 2018, and March 18, 2018. (ECF Nos. 21-3, 21-4, 21-5, 21-6.) The
7 supplements contained additional documents related to the investigation of the fire, federal
8 statutes and regulations, various mine reports, photographs, medical bills, and plaintiff's
9 prescription profile.

10   This court filed its scheduling order on August 28, 2017, providing April 19, 2018 as the
11 discovery deadline. (Scheduling Order (ECF No. 12).) The court then extended discovery
12 deadlines, with November 16, 2018 as the close of discovery. (Order (ECF No. 20).) Plaintiff's
13 expert disclosure deadline was August 20, 2018, and defendant's expert disclosure deadline was
14 September 19, 2018. (*Id.*)

15   On the date of plaintiff's expert disclosure deadline, defendant first received plaintiff's
16 expert disclosures claiming future damages. (Pl.'s Expert Disclosure (ECF No. 21-8) at 4-5.)
17 Plaintiff's damages are derived from three damages experts, asserting a diminished future earning
18 capacity of $557,037-$920,462, and future medical expenses of $230,013 from one expert and
19 $181,847- $278,179 projected by another. (ECF Nos. 21-9, 21-10, 21-11.) Plaintiff's expert
20 disclosure also lists a number of treating physicians as witnesses and a cumulative summary of
21 the information to which all the witnesses will testify. (Pl.'s Expert Disclosure (ECF No. 21-8) at
22 5-10.)

23   The government now moves to strike plaintiff's damages experts and future damages
24 experts under Rule 37(c)(1), arguing that plaintiff failed timely to provide an estimate of her
25 damages, and failed to provide a complete summary of the treating physicians' opinions. (Mot. to
26 Strike (ECF No. 21).) Plaintiff responds that she promptly provided to defendant the damages
27 report. (Resp. (ECF No. 24).) Plaintiff also asserts that defendants were aware that plaintiff was
28 receiving ongoing medical treatment and that damages would likely evolve. (*Id.*) Plaintiff

concedes that her expert summaries were incomplete, but argues that any violation was harmless. (*Id.*) Defendant replies that plaintiff failed to comply and that the court should exercise its discretion in striking the damages experts and future damages. (Reply (ECF No. 26).)

Defendant also moves to stay the expert disclosure deadline pending the resolution of the motion to strike. (Mot. to Stay (ECF No. 22).) Plaintiff opposes the stay, arguing that the motion to stay does not comply with the Local Rules. (Resp. (ECF No. 27).) Defendant replies that the Local Rules are inapplicable to their motion to stay. (Reply (ECF No. 28).)

## II.   MOTION TO STRIKE

Defendant moves to strike plaintiff's future earnings, future medical expenses, and plaintiff's non-retained expert witnesses under Rule 37 of the Federal Rules of Civil Procedure. Under Rule 37(c)(1), a party that fails to comply with Rule 26(a) is not permitted to use the information at trial unless the failure to comply was harmless. *See* Fed. R. Civ. P. 37(c)(1). The court may also impose other appropriate sanctions in addition to, or instead of, excluding the information. *See* Fed. R. Civ. P. 37(c)(1)(A)-(C). The party facing sanctions bears the burden of demonstrating harmlessness under Rule 37. *See Yeti by Molly. Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001). The district court has wide discretion in imposing discovery sanctions. *Id.* at 1106. In determining whether the violation is substantially justified or harmless, the court considers (1) the prejudice to the opposing party, (2) the ability to cure the prejudice, (3) the likelihood of disruption at trial, and (4) bad faith or willfulness. *See Moshi v. State Farm Mut. Auto. Ins. Co.*, No. 2:12-CV-01018-PMP, 2013 WL 9600669, at *4 (D. Nev. May 30, 2013),

### A.   Future Damages

Defendant claims that plaintiff violated Rule 26(a) by failing to provide a computation of her future earnings and by failing to provide a computation of her future medical damages. Rule 26(a)(1)(A)(iii) requires a party in its initial disclosures to provide to the other parties:

> (iii) a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from

>disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

Fed. R. Civ. P. 26(a)(1)(A)(iii).  While a party makes its initial disclosure based on information reasonably available, that party is not excused from making its disclosures because it failed to fully investigate the case.  *See* Fed. R. Civ. P. 26(a)(1)(E).

The purpose of Rule 26(a) is to impose a duty to disclose "basic information that is needed in most cases to prepare for trial or make an informed decision about settlement."  Fed. R. Civ. P. 26(a) advisory committee's notes to 1993 amendment; *see also Jones v. Wal-Mart, Stores, Inc.*, No. 2:15-cv-1454-LDG-GWF, 2016 WL 1248707, at *3 (D. Nev. March 28, 2016) (the computation of damages should provide defendant with "sufficient detail to enable the defendant to understand the contours of its potential exposure and make informed decisions regarding settlement and discovery.").  Computation requires analysis, including a breakdown of categories related to the overall claim for damages.  *See City and County of San Francisco v. Tutor-Saliba Corporation,* 218 F.R.D. 219, 221 (N.D. Cal. 2003).  For the purpose of disclosure, damages are determined by what the party elects to claim, rather than the actual cost.  *See Sylla–Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995), *cert. denied*, 516 U.S. 822 (1995) (stating that the purpose of Rule 26(a) is to enable parties to prepare for trial, not calculate liability); *Patton v. Wal-Mart Stores, Inc.*, No. 2:12-cv-2142-GMN, 2013 WL 6158461, at *4 (D. Nev. Nov. 20, 2013) ("Actual cost is not Rule 26(a)(1)(A)(iii)'s focus.") (emphasis omitted).

Parties are further required to supplement their disclosures in a timely manner if a material aspect of the disclosure changed.  Fed. R. Civ. P. 26(e)(1)(A).  A preliminary assessment of damages will suffice at the outset of the case, but as the case progresses, plaintiff has a "duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period."  *Jackson v. United Artists Theatre Circuit*, Inc., 278 F.R.D. 586, 593 (D. Nev. 2011).  Supplementation means "filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure."  *Luke v. Family Care and Urgent Medical Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009) (unpublished) (internal quotations omitted) (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)).

*i. Diminished Earning Capacity*

Defendant argues that the court should strike plaintiff's future earnings computation because plaintiff failed to disclose a computation of future damages in her initial disclosures. Defendant further argues that plaintiff failed to provide an estimate, or even the category, of diminished earning capacity. Plaintiff argues that she did not receive the information necessary for the report until the experts completed their reports, and that the reports were then timely and promptly provided to defendant. At the hearing, plaintiff stated that the untimely disclosures were intentionally late, due to plaintiff's ongoing treatment. Plaintiff also asserts that her technical non-compliance was harmless.

Having reviewed plaintiff's initial disclosures, the court finds that plaintiff failed to comply with Rule 26(a). In her initial disclosure, plaintiff's computation fails to list diminished earning capacity in her computation for damages. Plaintiff supplemented her disclosure four times prior to the expert disclosure deadline and each time she failed to indicate the possibility of a claim for diminished earning capacity. As a result of the untimely disclosure, the case once valued at $524,208.54 became a million-dollar case only upon defendant's receipt of expert disclosures at the tail-end of discovery. Though plaintiff did not obtain the information necessary to estimate her damages until the expert reports were complete, the category of diminished earning capacity must have been contemplated long before she hired an expert. Further, plaintiff is not absolved of her duty to provide the opposing party with information required under Rule 26(a) simply because she failed to proactively and fully investigate her case at the outset. *See* Fed. R. Civ. P. 26(a)(1)(E). The court finds that plaintiff's untimely disclosure of diminished earning capacity was an unfair surprise – the very kind that damages disclosures are intended to eliminate. *See Silvagini v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 240 (D. Nev. 2017) ("The purposes of the initial disclosure requirements are important and clear. Parties should be put on notice of the factual and legal contentions of the opposing party, and the initial disclosure requirements eliminate surprise and trial by ambush.").

Having found that plaintiff violated Rule 26(a) by failing to timely disclose her claim for diminished earning capacity, the court also finds that plaintiff's failure to comply with Rule 26(a)

was neither substantially justified nor harmless. The decision to include a claim for diminished earning capacity must have been made months before obtaining an expert, and plaintiff conceded that the untimely disclosure was intentional. Additionally, plaintiff testified in her deposition that none of her doctors indicated that her injuries would result in employment limitations. Defendant received no notice to anticipate that discovery on that topic would be needed.

Plaintiff had a duty to provide defendant with an estimate of her damages, and a duty to fully investigate her case. Plaintiff's failure to comply with Rule 26(a) resulted in prejudice to defendant and provided defendant with limited time to cure the prejudice. Plaintiff first supplied defendant with her initial disclosure in September of 2017, and plaintiff did not provide defendant with her claim for diminished earning capacity until August of 2018 –almost a year later. Plaintiff's actions left defendant with only a month or so to pursue discovery on this previously unidentified claim and to disclose its own rebuttal experts to damages not previously contemplated, with discovery set to close shortly thereafter. While the potential of disruption at trial is limited, because a date for trial has not been set, the court cannot ignore the willfulness in plaintiff's actions by failing to comply with her duties under Rule 26(a). As such, the court finds that plaintiff's failure to provide timely notice of this category of damages is prejudicial. Given that plaintiff violated Rule 26(a) and that the violation was neither harmless nor substantially justified, the court will grant strike plaintiff's diminished earning capacity computation.

*ii. Medical Damages*

Defendant also claims that plaintiff violated Rule 26(a) by failing to provide a computation of her future medical damages. Plaintiff contends that defendant received notice of plaintiff's ongoing medical treatment and that her damages would evolve over time. Plaintiff also argues that defendant did not request any information pertinent to future damages during the discovery period. At the hearing, defendants argued that plaintiff's disclosures provided no meaningful information and that plaintiff only made reference to a possible scar tissue revision. Plaintiff responded at the hearing that her disclosure was untimely because an expert's computation accounts for plaintiff's current state, so it is difficult to determine the extent of damages until later in plaintiff's treatment.

Having reviewed plaintiff's initial disclosures and supplemental disclosures, the court finds that plaintiff failed to comply with Rule 26(a). In her initial disclosures, plaintiff computes her damages based on two primary categories – past damages and future damages. Past damages consist of past medical damages, pain and suffering, and property damage. Future damages include future medical damages, and pain and suffering. The only estimation of damages in the computation is plaintiff's past medical expenses. All other categories are denoted with "to be determined." Plaintiff's use of "to be determined" is inappropriate under Rule 26(a). As stated above, Rule 26(a) itself is not concerned with the actual cost but requires plaintiff "to look into the future and estimate what [she] intends to claim at trial." *Montilla v. Walmart Stores, Inc.*, No. 2:13-cv-2348-GMN-VCF, 2015 WL 5458781, at *3 (D. Nev. Sept. 16, 2015). Rule 26(a) contemplates the speculative nature in assessing damages but requires that it be done anyway

The court finds that plaintiff violated Rule 26(a) in failing to provide a computation of her future medical damages, and that the failure is neither substantially justified nor harmless. But exclusion under Rule 37(c) is not a forgone conclusion, as the court may opt for other appropriate sanctions. *See* Fed. R. Civ. P. 37(c)(1)(C) (where the court may impose other appropriate sanctions in lieu of striking damages); *see also Jackson*, 278 F.R.D. at 594. In this case, defendant reasonably knew that the type of injury sustained by plaintiff, which included burns to 85% of her body, would likely require future medical treatment. Defendant was also in receipt of all plaintiff's medical records, which likely alluded to further treatment. Plaintiff even stated in her deposition that she would require surgery on her foot and an additional scar release surgery. (Dep. of Kaysee Kathleen Nitta (ECF No. 21-7) at 9-10.) Given the circumstances, exclusion under Rule 37(c) is unreasonably harsh. Although a close call, any such prejudice to defendant is ameliorated by allowing defendant additional discovery and disclosure of an expert and/or rebuttal expert. Therefore, the court denies defendant's request to strike future medical damages.

### C. Non-Retained Expert Witnesses

Lastly, defendant claims that plaintiff violated Rule 26(a) by failing to provide a summary of the opinions of her expert witnesses. Rule 26(a) imposes a duty on the parties to disclose its expert witnesses. *See* Fed. R. Civ. P. 26(a)(2)(A). The rule contemplates two classes of experts:

those retained to provide expert testimony, and those not retained, but may provide expert testimony. *See Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 298 (D. Nev. 1998). Those retained to provide expert testimony must provide a written report of their opinions. *See* Fed. R. Civ. P. 26(a)(2)(B); *see also* Fed. R. Civ. P. 26(a)(2)(B) advisory committee's notes to 1993 amendment ("[t]he requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written order."). The parties may be exempt from compliance upon stipulation or a court order. Fed. R. Civ. P. 26(a)(2)(B)

If the expert witness is not required to submit a written report, then the disclosure must provide "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii). This requirement was added to "mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." Fed. R. Civ. P. 26(a)(2)(C) advisory committee's notes to 2010 amendment. Treating physicians and other health care professionals are among those whom the plaintiff must identify under Rule 26(a)(2)(A) and then provide a summary under Rule 26(a)(2)(C). *Id.* While this disclosure is "considerably less extensive than then report required by Rule 26(a)(2)(B)[,]" the summary is understood to mean the abstract or abridgment of the witnesses testimony. *Id*; *see also Carrillo*, 2013 WL 394207, at *6 (citing *Kristensen ex rel. Kristensen v. Spotnitz*, No. 3:09-CV-00084, 2011 WL 5320686, at *2 (W.D. Va. June 3, 2011)).

Here, the defendant argues that plaintiff also failed to provide a summary of the opinions and facts to be elicited from plaintiff's treating physicians. Plaintiff concedes that her summary does not comply with Rule 26(a)(2)(C), but argues that her violation was harmless. Having reviewed plaintiff's expert disclosure, the court finds that plaintiff's violation of Rule 26(a)(2)(C) was not harmless nor substantially justified. Plaintiff's expert disclosure includes a section listing "non-retained expert witnesses." (Pl.'s Expert Disclosure (ECF No. 21-8) at 5-10.) Plaintiff

1  states that the treating physicians provided in this section "are expected to testify in an expert
2  capacity as to diagnosis, treatment, prognosis, and past and future medical needs of [plaintiff] . . .
3  ." (*Id.* at 5.)  Plaintiff also states that the experts will testify as to the facts and circumstances of
4  the accident, plaintiff's injuries and their causation, and the reasonableness of medical charges.
5  (*Id.* at 6.)  Plaintiff continues, listing more than 30 medical providers who presumably contributed
6  to plaintiff's medical treatment.  (*Id.* at 6-10.)

7  Given that this list contains plaintiff's treating physicians, plaintiff was required to
8  provide a summary of the witnesses' opinions and facts supporting those opinions.  *See* Fed. R.
9  Civ. P. 26(a)(2)(C) advisory committee's notes to 2010 amendment.  Instead, plaintiff's summary
10 provides defendant with a cursory statement of topics that one would expect any treating
11 physician to testify to in a personal injury action.  Rule 26(a)(2)(C) shares Rule 26(2)(B)'s goal of
12 reducing unfair surprises to the opposing party.  *See Brown v. Providence Med. Ctr.*, No.
13 8:10CV230, 2011 WL 4498824, at *1 (D. Neb. Sept. 27, 2011).  The use of boilerplate
14 summaries both conflicts with the goal of reducing unfair surprise and unfairly prejudices the
15 opposing party.  Failure to provide the opposing party with a complete summary forces the non-
16 disclosing party to incur additional discovery costs to discover the information for themselves.
17 This violation can also lead to disruptions at trial if the non-disclosing party is forced to first learn
18 the information at trial.  Further, plaintiff has not provided the court with a justification for the
19 violation.  Accordingly, treating physicians will be precluded from offering expert opinions.  *See*
20 *Carrillo*, 2013 WL 394207, at *7 (finding no prejudice by limiting plaintiff's treating medical
21 providers/expert witnesses' testimony to "the subject matter of their treatment as disclosed in the
22 medical records and to opinions formed in the course of treatment.").

23 **II.    MOTION TO STAY**
24 Defendant also moves for an order staying the September 19, 2018 expert disclosure
25 deadline pending the resolution of the motion to strike.  Given that the court has resolved the
26 motion to strike, this motion is denied as moot.
27 //
28 //

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant's motion to strike (ECF No. 21) is GRANTED in part and DENIED in part. The court strikes plaintiff's claim for diminished earning capacity. The court denies defendant's request to strike plaintiff's computation for future medical damages. Defendant may pursue additional discovery on this issue and may disclose an expert and/or rebuttal expert. Additionally, plaintiff's treating physicians who are non-retained experts are precluded from providing expert testimony.

IT IS FURTHER ORDERED that discovery is reopened for defendant for a period of 45 days from the date of this order.

IT IS FURTHER ORDERED that defendant's expert disclosure deadline is August 16, 2019.

IT IS FURTHER ORDERED that defendant's the motion to stay (ECF No. 22) is DENIED as moot.

DATED: June 28, 2019

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE